```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

BRIAN MAXEY,                     )
                                 )
                  Plaintiff,     )
                                 )
     v.                          )     No.  06 C 5153
                                 )
THOMAS MONAHAN, et al.,          )
                                 )
                  Defendants.    )
```

## MEMORANDUM ORDER

Up to now all the parties have concentrated their fire on the claims by plaintiff Brian Maxey ("Maxey") that he had been the victim of disregard of his assertedly serious medical needs--a claim that was dispelled by independent medical evaluation obtained at the instance of the able appointed counsel who has performed yeoman service on behalf of the originally pro se Maxey. That claim was settled, and last week this Court granted the second motion for enforcement of the settlement agreements as to all defendants.

At the conclusion of that hearing, which this Court thought had wound up the entire case, Maxey's appointed counsel called attention to the presence of Count II in Maxey's Complaint, a charge in which Maxey complained of his housing conditions at the Joliet Treatment and Detention Facility during the period from September 2004 to June 19, 2006--a charge in which he targeted as defendants Fran Aden ("Aden"), Shan Jumper ("Jumper"), the facility's Director Thomas Monahan ("Monahan") and unnamed Jane

and John Doe defendants.

That belated assertion is both puzzling and disturbing. For one thing, both Aden and Jumper are among the "Liberty Defendants" to whom Maxey has given a general release of <u>all</u> claims, so that his Count II claim against them is also appropriately dismissed with prejudice. That leaves only the potential of Maxey's Count II claim against Monahan, which deserves equally short shrift.

For one thing, even apart from the matter referred to in the next paragraph, this Court cannot in good conscience allow such a claim to be treated as a substantive ground for keeping this case alive. Maxey began his lawsuit by urging a modest award of $1 million in compensatory damages and $1 million in punitive damages as to each defendant. Then, even though assisted by the vigorous advocacy of his competent pro bono counsel, Maxey struck out entirely on his <u>Estelle v. Gamble</u>-based claim and, having done so, accepted a truly nominal amount in <u>full</u> settlement as to the Liberty Defendants (including both Aden and Jumper).[1]

But quite apart from any considerations of basic fairness, Maxey and his counsel are reminded that back in March of this year Maxey himself moved to enforce the settlement agreement that

---

[1] Because of confidentiality agreements, the amount of that settlement is not a matter of public record. But this Court is aware of the amount, and it is fair to say that it easily approaches the asymptotic level to which the law attaches the aphorism <u>de minimis non curat lex</u>.

2

he said had been reached at that point--terms that later, with minor tweaking, became the basis for disposition of Maxey's claims. On that score Maxey's counsel's February 12, 2007 letter to counsel for the Addus Defendants states in relevant part (emphasis added):

> My client will accept the terms of the settlement offer we discussed last week.
>
> My understanding of that offer is as follows: Addus (presumably with Monahan's consent) will agree to have Maxey seen by an Ear, Nose and Throat specialist of his choice, presumably in one of the following four cities: Decatur, Peoria, Springfield or Champaign. <u>To the extent the specialist determines that there is nothing wrong with Maxey's ears, Maxey will voluntarily dismiss the suit against Monahan, Vance, Anyanwu and Addus HealthCare</u>. To the extent the specialist finds something wrong with Maxey's ears, Addus will follow the specialist's recommended course of treatment and the lawsuit will continue. Treatment by the ENT specialist further moots the motion for injunctive relief that Maxey was prepared to file absent this agreement.

In fact the independent medical examination that was contemplated there did result in a determination that Maxey's asserted ear problem did <u>not</u> withstand professional evaluation, and it is clear that what was contemplated there was dismissal of this <u>entire</u> action ("the suit") against Monahan as well as the others. For more reasons than one, then, the action against Monahan as well as all other defendants is dismissed with

3

prejudice, terminating the entire case.[2]

_____
Milton I. Shadur
Senior United States District Judge

Date:   December 11, 2007

---

[2] Because Addus Defendants have already been successful in enforcing their settlement with Maxey, in the interest of clearing the docket this Court denies their other pending motions (Dkt. Nos. 76 and 80) as moot.